**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JOSEPH ALLEN VANCE, JR.,**

        **Plaintiff,**

**v.**                                                      **Civil Action No. 3:09cv40**
                                                        **(Judge Bailey)**

**CENTRAL REGIONAL JAIL**
**AND C/O SEGIMAN,**

        **Defendants.**

**OPINION/REPORT AND RECOMMENDATION**

On June 17, 2009, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. On July 7, 2009, he was granted permission to proceed as a pauper. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

**I.   Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals

should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. The Complaint

In the complaint, the plaintiff asserts while an inmate at the Central Regional Jail, he was assaulted with a scrub brush by Officer Segiman. The plaintiff asserts that he suffered an injury to his left eye and blurred vision. After the incident, Officer Segiman allegedly failed to take the plaintiff to medical. The plaintiff attaches copies of administrative remedies he filed regarding this incident.

## III. Analysis

**A. Central Regional Jail**

Title 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that

---

[1] *Id.* at 327.

a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws.  Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).

Here, the plaintiff cannot establish that the Central Regional Jail is a "person" for purposes of § 1983.  Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983).  Accordingly, the plaintiff fails to state a claim against the Central Regional Jail and that defendant should be dismissed from this action.

**B.  Officer Segiman**

Although the plaintiff's theory of liability against Officer Segiman is not entirely clear, the plaintiff asserts that the alleged attack was purposeful and unprovoked.  Moreover, the plaintiff asserts that the assault was aggravated by the fact that the scrub brush in question had been used to clean other inmate's toilets and had various cleaning fluids on it.  In addition, the plaintiff asserts that although he was bleeding and his left eye "turned black," Officer Segiman failed to have him taken to the medical unit.  Upon due consideration of these claims, the undersigned recommends that Officer Segiman be served a copy of the complaint and be made to file an answer.

**IV.  Recommendation**

For the reasons set forth in this Opinion, the undersigned makes the following

recommendations:

(1) the plaintiffs' claims against the Central Regional Jail be **DISMISSED with prejudice** for the failure to state a claim; and

(2) the plaintiff's claims against Officer Segiman **PROCEED**, and that Officer Segiman be **SERVED** with a copy of a twenty (20) day summons and the complaint through the United States Marshal Service.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 16, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE