# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH ALLEN VANCE, JR.,**

      **Plaintiff,**

v.                                                                         **Civil Action No. 3:09cv40**
                                                                          **(Judge Bailey)**

**CENTRAL REGIONAL JAIL**
**AND C/O SEGIMAN,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this civil rights action against the above-named defendants on June 17, 2009. Dckt 1. By Order entered August 11, 2009, the plaintiff's claims against the Northern Regional Jail were dismissed with prejudice and the remaining defendant was directed to answer the complaint. Dckt. 20. The defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, on September 3, 2009. Dckt 24.

Because the plaintiff is proceeding *pro se*, the Court issued a Roseboro Notice on September 10, 2009, which advised the plaintiff of his right to respond to the defendant's motion. Dckt. 27. The plaintiff filed a response on October 8, 2009. Dckt. 33. This case is before the undersigned for a report and recommendation on the defendant's motion.

### II. Contentions of the Parties

**A. The Complaint**

In the complaint, the plaintiff asserts that while incarcerated at the Central Regional Jail, he

was assaulted with a scrub brush by defendant Segiman. The plaintiff further asserts that as a result of the assault, he suffered injury to his left eye, blurred vision and headaches. Moreover, the plaintiff asserts that, after the incident, defendant Segiman failed to take him to medical for treatment. The plaintiff seeks no specified relief in the complaint.

**B. The Defendant's Motion**

In response to the complaint, the defendant asserts that the plaintiff's complaint is due to dismissed or denied for the following reasons:

(1) the plaintiff has failed to exhaust administrative remedies;

(2) the plaintiff's claim is barred by Eleventh Amendment immunity and the <u>Will</u> Doctrine; and

(3) qualified good faith immunity shields the defendant from liability in his individual capacity.

**C. The Plaintiff's Response**

In his response to the defendant's motion, the plaintiff asserts that defendant Segiman purposely picked up the scrub brush and threw it at him. He was struck in the face and injured. The plaintiff's immediate injuries included, a cut near or about his left eye and swelling to his left eye. Despite these instant and obvious injuries, the plaintiff alleges that defendant Segiman failed to take him to medical. The plaintiff asserts that defendant Segiman's actions violated his Eighth Amendment right to be free from cruel and unusual punishment. As a result, he seeks money damages in the amount of $25,000 and the dismissal of defendant Segiman from his employment with the Regional Jail Authority.

## III. Standards of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but "must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id*. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass

v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving

party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read *futility* or other exceptions into statutory exhaustion requirements . . ." See Booth at 741, n. 6 (emphasis added).

In Woodford v. Ngo, 548 U.S. 81, 89 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted

---

[1] Porter at 524.

5

federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, at 93 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 103.

For an inmate housed in a West Virginia Regional Jail facility, the inmate must first file a Level One grievance with the Administrator on an inmate grievance form which is to be provided by jail personnel. If unsatisfied with the Level One decision, the prisoner may proceed to Level Two by filing an appeal with the Chief of Operations. Such appeal must be filed, in writing, within five days of the receipt of the Administrator's decision and must include a copy of the initial complaint and the Administrator's decision. Within five (5) days of receipt of a Level Two decision, an inmate may request a review by the office of the Executive Director. The inmate must mail copies of the original Complaint and copies of all responses to the office of the Executive Director, Regional Jail Authority.

In the complaint, the plaintiff asserts that he exhausted his administrative remedies. Complaint at 2; Att. 1. Moreover, the plaintiff attaches a copy of a grievance he filed with the facility Administrator, Shannon Markle. *Id*. at Att. 2. Further, the plaintiff states that although he was informed that the incident would be investigated, he received no additional response. *Id.* at 2; Att. 1. The plaintiff does not allege or provide any evidence that he filed any appeal grievances with the Chief of Operations or the Executive Director. *Id*.

Attached to the defendant's motion to dismiss is the affidavit of John L. King, the Chief of

Operations for the West Virginia Regional Jail and Correctional Facility Authority ("WVRJA"). Dckt. 24 at Att. 1. In his affidavit, Mr. King asserts that it is his responsibility to ensure the WVRJA operates within all applicable laws. *Id.* at ¶ 2. Moreover, he oversees and implements the policies and procedures of the WVRJA. *Id.* Mr. King is familiar with the WVRJA's administrative grievance procedures and has reviewed the plaintiff's WVRJA's grievance appeal files. *Id.* at ¶¶ 3 and 4. Mr. King avers that the plaintiff has not filed any grievance appeal concerning the subject matter of this case. *Id.* at ¶ 4. The plaintiff does not dispute or contradict Mr. King's affidavit or the statements made therein.

Although the plaintiff clearly initiated the WVRJA's administrative remedy process, the record clearly shows that he did not complete that process. Accordingly, the plaintiff has not fully and completely exhausted his administrative remedies as is required under the PLRA and his case should be dismissed.

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (dckt. 24) be **GRANTED to the extent** that it seeks the dismissal of the plaintiff's claims for the failure to exhaust.[2] Consequently, it is further recommended that the plaintiff's complaint (dckt. 1) be **DISMISSED without prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to

---

[2] Because the Court finds that the plaintiff's claims are not exhausted, the Court does not reach the merits of the defendant's Eleventh Amendment or qualified good faith immunity defenses.

which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: November 2, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE